UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| C.M.F. (XXX-XX-4420) | CIVIL ACTION NO. 08-cv-1942 |
| VERSUS | JUDGE HICKS |
| U.S. COMMISSIONER SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

**Introduction**

CMF ("Plaintiff") was born in 1979, has an 11th-grade education, and past work experience as a babysitter and cashier. She applied for SSI based on a claim of a seizure disorder, headaches, and other health problems. ALJ Leslie John Rodriguez found at step four at the five-sequential analysis that Plaintiff was not disabled because she could perform the demands of her past work as a cashier.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Her listed issue on appeal is a contention that the determination that she can perform her past work as a cashier is not based on substantial evidence, but the substance of her argument is that the ALJ erred in relying on Plaintiff's alleged non-compliance with her seizure medication without affording Plaintiff prior notice and opportunity to respond.

Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of

judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff testifies that she lives in a house with her seven children, ages 10, 8, 5, 4, 3, 2 and 1. The household gets by on SSI benefits paid to the two oldest sons and food stamps collected by Plaintiff. She testified that she spends most of her day caring for her children and that she leaves the house only to pay bills or go grocery shopping. She uses the bus for transportation.

Plaintiff testified that her seizures could happen at any time, day or night, and that they had lately been happening every day. She said she did not know how long the episodes last because she is not aware of them. She is told of them afterwards.

The ALJ asked Plaintiff if she complied with taking her regular dose of seizure medication. Plaintiff responded:

> Well, I do comply with taking my regular dosage, which is 400 milligrams a day. The problem that I'm having, which I have talked to my doctor about, is that I don't have Medicaid. And I don't have the money to buy my Dilantin, so I'm going through the LSU social service office where the Dilantin gives me three months to six months, I believe, of medication. But I haven't gotten a response from them yet.

The ALJ asked Plaintiff what her doctors told her was next in terms of treatment. She replied that she had an appointment for further monitoring of her seizures to see if there was a need to increase or decrease her medicine. Tr. 330-41.

The ALJ found at step two that Plaintiff had severe impairments, including seizure/pseudoseizure disorder. At step three, the ALJ found that Plaintiff did not meet the requirements of a seizure listing. The listing required a finding of a certain frequency of seizures despite at least three months of prescribed treatment. Among the reasons cited for rejecting the listing was a "history of non-compliance with medications and a lack of showing that her seizures cannot be controlled with proper medical follow-up and medication compliance." Tr. 21.

The ALJ then turned to Plaintiff's residual functional capacity ("RFC"). He reviewed Plaintiff's testimony and medical records, including instances where the records noted that Plaintiff admitted that she had stopped taking her Dilantin for weeks or even months prior to claims of seizures. The ALJ also noted that a physician at LSU-HSC found it noteworthy

that Plaintiff had no evidence of tongue biting despite her reports of nighttime seizures. Plaintiff later underwent seizure monitoring, during which she was said to be non-compliant and agitated. She reported several episodes of seizures, but the monitors were negative for seizure activity, and no person witnessed seizure activity. Plaintiff's description of her seizure activity was also said to be atypical, and her description of the frequency of the seizures was at times inconsistent. Pseudoseizures were diagnosed, but Plaintiff did not follow up with a mental health referral. The ALJ considered these and other facts, including the effect of obesity, before determining that Plaintiff could perform the essential demands of medium work, subject to the requirement (due to history of seizure disorder/ pseudoseizures) she not climb ladders/ropes/scaffolds or work at unprotected heights or around dangerous moving machinery.

A vocational expert testified that a claimant with that RFC and Plaintiff's other vocational factors could perform the demands of her past work as a cashier, so the ALJ found that Plaintiff was not disabled.

Social Security Ruling 82-59 provides that when the claimant is not undergoing treatment prescribed with the expected ability to restore her ability to work, the ALJ must develop the record to resolve whether the claimant is justifiably failing to undergo the prescribed treatment. The Ruling states that the claimant should be given an opportunity to fully express the specific reasons for not following prescribed treatment. The claimant should also be made aware that her answers will be used in deciding her claim and that

continued failure to follow prescribed treatment without good reason can result in denial of benefits. The Ruling lists circumstances that will be generally accepted as justifiable reasons to not follow treatment. One of the reasons is inability to afford prescribed treatment and for which community resources are not available.

The Commissioner concedes that Plaintiff was not provided notice or an opportunity to show compliance with her medication regime, but the Commissioner argues that the ALJ was not required to adhere to those procedural requirements in this case. He cites two reasons. First, the Commissioner argues that SSR 82-59 was not implicated because the ALJ did not conclude that Plaintiff's seizure disorder was a disabling condition in the absence of taking seizure medication. Rather, he asserts, the ALJ found that Plaintiff could still perform her past work as a cashier even when she does not take medication. Second, the Commissioner contends that the ALJ's decision reflects that the failure to take seizure medication was not the only basis for denying the claim but was merely one factor among several that undermined Plaintiff's credibility about the severity and frequency of her seizures.

The court, after reviewing the ALJ's decision as a whole, is persuaded that the Commissioner is right with respect to his first argument. The ALJ did not find that Plaintiff had a disabling seizure disorder that could be rendered non-disabling by taking medication. Rather, the ALJ pointed to the lack of consistent use of medication as one of the factors that indicated Plaintiff was exaggerating the number and severity of her alleged seizures.

The court also agrees with the Commissioner that the ALJ discussed non-compliance as not the reason for the denial of the claim, but as a factor among others that undermined Plaintiff's credibility.  Social Security Ruling 96-7p provides that statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints or if the medical records show that the claimant is not following treatment as prescribed and there are no good reasons for the failure.  The Ruling cautions that the adjudicator must not draw any inferences from a failure to pursue regular treatment without first considering any explanations from the claimant or other information in the record that may explain the non-ompliance.

The ALJ did ask Plaintiff at the hearing about her lack of compliance, and Plaintiff testified that her financial condition prevented her from obtaining her medicine at all times.  She explained that she was applying to a program to receive free medication.  The ALJ noted in his decision that there had been long periods of time in which Plaintiff did not take medication, and he took judicial notice that "indigent care is available for the asking in the area which claimant lives."  He added: "Obtaining appropriate medications with minimal effort is available for the asking," and the record reflected that Plaintiff had on occasion obtained her medications through such services so she was aware of how to get assistance.  The ALJ added that Plaintiff was apparently able to afford to purchase cigarettes daily despite advice to stop. Tr. 27.  Plaintiff has not offered in her appeal any reason other than alleged financial inability for her lack of compliance.

The court finds that there was substantial evidence to support the ALJ's decision. The case does not fall squarely under Ruling 82-59, so any lack of notice and opportunity required by that ruling does not give rise to reversible error. The ALJ also substantially complied with the guidelines in Ruling 96-7p when he asked Plaintiff for an explanation for her non-compliance and he considered that explanation in the course of making his credibility assessment. The court finds no reversible error, so a judgment affirming the Commissioner's decision will be entered.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of December, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE